IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DARRELL FACYSON, SR., | : | 1:12-cv-1549 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Susan E. Schwab |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| Respondent. | : | |

# **MEMORANDUM**

### June 5, 2013

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin Susan E. Schwab (Doc. 17), filed on May 15, 2013, which recommends that we deny *pro se* Petitioner James Darrell Facyson, Sr.'s ("Petitioner" or "Facyson") 28 U.S.C. § 2254 habeas corpus petition. The time for filing objections to the R&R has lapsed without a filing by the Petitioner. Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

I. **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

1

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

In this habeas case, Facyson is challenging his 2006 conviction for possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia in the Court of Common Pleas of Monroe County. Facyson claims that the police stopped his vehicle and seized evidence in violation of the Fourth Amendment. He also claims that his trial counsel was ineffective and that there was insufficient evidence to support his conviction of possession with intent to deliver a controlled substance.

Magistrate Judge Schwab recommends that Facyson's petition be denied for several reasons. First, she determines that because Facyson had a full and fair opportunity to litigate his Fourth Amendment claims in the state trial court and again on appeal, his ability to raise these claims on the instant habeas petition is barred by *Stone v. Powell*, 428 U.S. 465 (1976)(where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the court may not grant habeas relief to a state prisoner on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial). She further determines that the state court's determinations that his counsel was not ineffective and that there was sufficient evidence to support his possession with intent to deliver conviction were not contrary to law or based on an unreasonable determination of facts. We agree. That there was no evidence of sales, money, or packaging products does not negate the fact that Petitioner was found to be in possession of over 20 grams of crack cocaine, which is more than sufficient to support a possession with intent to deliver charge and conviction. *Commonwealth v. Jackson*, 645 A. 2d 1366 (Pa. Super. 1994)(a case that involved 1.17 grams supported an intent to distribute charge); *Commonwealth v. Drummond*, 775 A. 2d 849, 854 (Pa. Super. 2001)(intent to deliver can be inferred from the quantity of

controlled substances possessed and the surrounding circumstances, such as lack of paraphernalia for use).

As we have already mentioned, the Petitioner has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.